UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Vs. | : | CR No. 06-027 T |
| ALEX JURIW | : | |

DEFENDANT'S SENTENCING MEMORANDUM

_____The defendant, Alex Juriw, hereby files the following Sentencing Memorandum to assist the Court in imposing sentence.

1. Advisory Guideline Range

The Pre-sentence report establishes an advisory guideline range of 24-30 months, based on a net offense level of 17 and a criminal history category of 1.

2. Consideration of 18 U.S.C. § 3553(a) factors

In determining the sentence to impose in this case, the Court must consider the general purposes of sentencing as those goals are set out in 18 U.S.C. § 3553(a). As this Court has noted on many occasions, the "parsimony" provisions of 18 U.S.C. § 3553(a) direct sentencing judges to impose a sentence "sufficient, but not greater than necessary" to effectuate the various, overlapping policies set out in the statute.

A) Defendant's Characteristics

The picture of this defendant that emerges from a review of the PSR is that of a benign, non-violent, non-dangerous individual. Mr. Juriw has no criminal history and appears to have made a once-in-a-lifetime mistake in getting himself involved in these events. Given Mr. Juriw's minor role in the transactions that were "structured", there is virtually no chance that he will commit further crimes. One of the most important goals of sentencing is deterrence, both to deter the defendant from committing other crimes and general deterrence, which is directed at society in general. See 18 U.S.C. § 3553(a)(2)(B).

In addition to the likelihood that he will not commit further crimes, Mr. Juriw's important role as a caretaker of his parents weighs heavily in favor of his receiving a sentence lower than the guidelines. Federal Defender Investigator Daniel Fortier met with Mr. Juriw's sister, Lora Glascom in preparation for Alex Juriw's sentencing. Without question, given the serious infirmities suffered by his parents, Alex Juriw is indispensable as a caretaker. (Mr. Fortier's report is attached hereto as Exhibit A.)

Although Mr. Juriw's request for a non-guidelines sentence is not couched as a downward departure based on family circumstances, the scenario depicted in Mr. Fortier's report shows that Alex Juriw is indispensable and irreplaceable as to his parents. While Mr. Juriw's sister does play a prominent role in taking care of

their elderly parents, two caretakers are required, given the unique constellation of medical problems suffered by the elderly Mr. and Mrs. Juriw. If Mr. Juriw were to be incarcerated, the Juriw family would suffer an extreme hardship. See United States v. Roselli, 366 F. 3d 58 (1st Cir. 2004). ( Affirming family circumstances downward departure where care offered by defendant to family members found to be extraordinary.)

B) Nature Of The Offense

As set forth above, the need to incarcerate this defendant is somewhat diminished because the offense is non-violent, lessening the interest of society in protecting the public from the defendant's actions. See 18 U.S.C. § 3553(a)(2)(B). The money that was structured by the defendant was generated from a massage parlor business operated by persons who have yet to be charged by the Office of the United States Attorney. Unique to Rhode Island, the "activities" that took place in the massage parlor were not illegal. The major danger associated with massage parlors, such as the one that generated the cash in this case, appears to be in the form of "human trafficking", where illegal aliens are subjected to substandard living conditions by groups of persons who derive most of the profits from the massage parlors. The defendant had no involvement in the "human trafficking" component of this entity and derived no profits from the massage activities. (See attached Exhibit B, February 5, 2007Article from Providence

Journal by Karen Lee Ziner.)

C) Deterrence

The very fact of a felony conviction being imposed will serve to deter this defendant from engaging in any similar activity in the future. This defendant, at the age of 60 faces poor future employment prospects as a result of having this conviction indelibly marking his record. Further, given the defendant's minor role in the overall scheme, and the fact that he only minimally profited, there would appear to be only a small chance for this defendant to commit any similar crimes.

D) Defense Counsel's Sentencing Recommendation

Given the foregoing and in light of the defendant's eligibility for a probationary sentence, defense counsel would respectfully urge the Court to impose a sentence of three (3) years of probation, with such conditions as the Court deems appropriate.

ALEX JURIW,
By his attorney,

/s/ Edward C. Roy, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281 (401) 528-4285 fax
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within Sentencing Memorandum to be served on James H. Leavey, AUSA and on Dennis Jenkins, SUSPO, on the 5th day of February, 2007, by way of ECF case filing.

/s/ Edward C. Roy, Esquire