**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CR-06-27T** |
| | : | |
| | : | |
| | : | |
| **ALEX JURIW** | : | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S OBJECTION TO PRE-SENTENCE REPORT**

The defendant objects to the Pre-Sentence Report because it does not credit him with a two or three level decrease in offense level for purportedly having played a "minor role" in the structuring offense of which he stands convicted. This argument defies both common sense and the case law of this Circuit.

Guideline Section 3B1.2 provides that, "based on the defendant's role in the offense," a defendant's offense level should be reduced by two levels if he was "a minor participant in any criminal activity," and by three levels if the defendant's role in the offense is less than "minor", but more than "minimal." "In seeking a [S]ection 3B1.2 adjustment, a defendant 'has the burden of proving that he is both less culpable than most others involved in the offense of conviction

and less culpable than most other miscreants convicted of comparable crimes." United States v. Melendez, 301 F.3d 27, 34 (1st Cir. 2002)(quoting United States v. Ortiz-Santiago, 211 F.3d 146, 149 (1st Cir. 2000)). "The relevant inquiry is 'whether the defendant was a minor participant in the crime for which he was convicted,' not in some broader conspiracy." Id, (quoting United States v. Isienyi, 207 F.3d 390, 392 (7th Cir. 2000))(emphasis added).

Here, the defendant was convicted of structuring transactions totaling $407,100, in violation of 31 United States Code Sections 5324(a) and (d). He was the only person charged with that offense, and the only person convicted of it. The fact that there may have been a broader criminal conspiracy that generated the money that the defendant structured is irrelevant. It was the defendant, and the defendant alone, who committed the structuring offense. It was the defendant, and the defendant alone, who purchased the $407,000 in money orders from the United States Postal Service so as to avoid reporting requirements. As the only participant in the offense of conviction, the defendant is simply not entitled to a reduction in offense level based on role in the offense. His objection to the Pre-Sentence Report should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Peter F. Neronha

PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza - 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov

Dated: February 9, 2007

Certificate of Service

I hereby certify that on the 9th day of February, 2007, I caused a copy of the within "Government's Response to Defendant's Objection To Pre-Sentence Report" to be served by way of the Electronic Case Filing system upon Edward C. Roy, Assistant Federal Defender and counsel for the defendant.

/s/ Peter F. Neronha
PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza - 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov